**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION**

Case No. _____

ROSEMARIE MALFATONE,

    Plaintiff,
v.

DOLLAR TREE STORES, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Dollar Tree Stores, Inc., ("Dollar Tree"), hereby removes all further proceedings from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, Palm Beach Division. The basis for removal is as follows:

**I.   THE PARTIES**

1. Plaintiff, Rosemarie Malfatone ("Malfatone") is an individual residing in Palm Beach County, Florida, and is therefore deemed to be a citizen of the State of Florida. *See* Ex. "B," Complaint. ¶ 2.

2. Defendant Dollar Tree is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Virginia and, therefore, is deemed to be a citizen of the Commonwealth of Virginia. *See* attached 2019 Foreign Profit Corporation Annual Report attached as Ex. "A"**;** *see also* Complaint attached hereto as Ex. "B," ¶ 3.

## II. THE STATE COURT ACTION

3. On February 1, 2020, Malfatone filed a Complaint ("Complaint") against Dollar Tree styled *Rosemarie Malfatone v. Dollar Tree Stores, Inc.,* bearing case number 502020CA001179XXXXMB, in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida ("State Court Action"). *See* Ex. "B."

4. The Complaint alleges one count of negligence related to an alleged injury suffered by Malfatone while visiting a Dollar Tree. Malfatone seeks a judgment in an amount in excess of Fifteen Thousand ($15,000.00), plus costs.

5. The Complaint was served on Dollar Tree on February 11, 2020. *See* Return of Service attached hereto as Ex. "C." This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of service of the Complaint on Dollar Tree.

6. Venue is proper in the Southern District of Florida, Palm Beach Division, under 28 U.S.C. § 1441(a) because the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, is within the Southern District of Florida, Palm Beach Division, and because the events giving rise to this cause of action are alleged to have occurred in Palm Beach County, Florida. *See* Ex. B, ¶ 4.

## III. FEDERAL DIVERSITY JURISDICTION EXISTS

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and Dollar Tree may remove the State Court Action pursuant to 28 U.S.C. § 1441 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. Removal is effectuated pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions of 28 U.S.C. § 1446(b) because less than thirty (30) days have passed since

Dollar Tree was served with the Complaint, as Dollar Tree was served on February 11, 2020.

**A.   Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

9. Plaintiff is a resident of Palm Beach County, Florida. *See* Ex. B at ¶ 2. Therefore, Malfatone is a citizen of Florida.

10. Dollar Tree is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in Virginia, and is therefore deemed to be a citizen of the Commonwealth of Virginia. *See* Ex. A at pg. 1.

11. Because Plaintiff is a citizen of Florida, and Dollar Tree is a citizen of the State of Virginia, complete diversity of citizenship exists between the parties and the Complaint is removable under 28 U.S.C. §§ 1332(a)(1), 1441 and 1446.

**B.   The Jurisdictional Amount in Controversy Required for Removal is Satisfied**

12. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

13. The Complaint does not allege a specific amount of damages; however, Plaintiff's counsel sent a pre-suit demand of $1,000,000.00.[1]  *See* Demand Letter attached hereto as Ex. "D." The amount of damages references medical bills in an amount of nearly $400,000.00.  The undersigned has reviewed current medical bills in an amount of $310,758.59.  Even if the Court only considers the current medical bills, for purposes of establishing whether the jurisdictional amount is met, the Court will find that the jurisdictional amount for removal is exceeded.  The amount of the current bills is $310,758.59 which exceeds the required

---

[1] "The Court ….must review the amount in controversy at the time of removal to determine whether Plaintiff's claim meets this jurisdictional prerequisite." *Pease v. Medtronic Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998).

amount of $75,000.00 under 28 U.S.C. § 1332(a). Attached hereto as Ex. "E" is an affidavit from the undersigned relating to the review of the medical bills. The affidavit of defendant's counsel may be considered by this Court. *Katz v. J.C. Penny Corp, Inc.*, 2009 WL 1532129 (S.D. Fla. June 1, 2009). A defendant opposing remand may provide evidentiary support of its assertion of the jurisdiction amount in both the notice of removal and response to plaintiff's motion to remand. *Id*. citing *Lazo v. U.S. Airways*, 2008 WL 3926430 (S.D. Fla. August 21, 2008). This evidentiary support may be in the form of an affidavit. *Id.* Consideration is proper especially where the information contained in the Affidavit is from the Plaintiffs' pre-suit demand package. *Id.*

14. Therefore, based on the alleged amount of damages sought, the amount in controversy requirement under 28 U.S.C. § 1332(a) has been met.

15. Accordingly, the Complaint is removable pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

## IV. NOTICE OF REMOVAL

16. Written notice of the removal of this action has been emailed and mailed contemporaneously to Plaintiff through her attorney of record, and a Notice of Removal has been filed with the Clerk of the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, pursuant to 28 U.S.C. § 1446(d).

## V. ATTACHMENTS TO NOTICE OF REMOVAL

17. Attached to this Notice of Removal are the following documents:

   **Exhibit "A":** Division of Corporations records for Dollar Tree Stores, Inc.

   **Exhibit "B":** Plaintiff's Complaint, Summons, and Affidavit of Service of Process

   **Exhibit "C":** Return of Service

**Exhibit "D":** Plaintiff's Demand Letter

**Exhibit "E":** Defense Counsel's Affidavit

## VI. CONCLUSION

18. By this notice and attachments, Dollar Tree does not waive any defenses or objections it may have in this action.  Likewise, Dollar Tree intends no admissions of fact, law or liability by this notice, and reserves all defenses, motions and pleas.  At this time, Dollar Tree requests only that this action be removed to this Court, that all further proceedings in state court be stayed, and that Dollar Tree obtain all additional relief to which it is entitled.

WHEREFORE, Defendant Dollar Tree Stores, Inc., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the 15th Judicial Circuit in and for Palm Beach County, to the United States District Court for the Southern District of Florida, Palm Beach Division.

*(Space left blank intentionally)*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 2nd day of March 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record or pro se parties identified in the matter specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                         **ALMAZAN LAW**
                         *Counsel for Dollar Tree Stores*
                         7901 Ludlam Road, Suite 100
                         Miami, Florida 33143
                         Tel:        (305) 665-6681
                         Fax:       (305) 665-6684
                         Service:   eFile@almazanlaw.com

                         By: /s/Johanna Castellon-Vega
                              **ALEXANDER P ALMAZAN**
                              Florida Bar No.: 159166
                              Aalmazan@almazanlaw.com
                              **JOHANNA CASTELLON-VEGA**
                              Florida Bar No.: 58345
                              jvega@almazanlaw.com
                              **DANIEL A. ESPINOSA**
                              Florida Bar No.: 81686
                              despinosa@almazanlaw.com