IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. 20-CV-80353

ROSEMARIE MALFATONE,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Dollar Tree Stores, Inc. ("Dollar Tree") hereby files its Answer and Affirmative Defenses, stating as follows:

1. Defendant admits the nature of the action; Defendant denies the Plaintiff is entitled to relief.

2. Defendant is without knowledge regarding the allegations in paragraph 2; therefore, the allegations are denied.

3. Defendant admits the allegations in paragraph 3.

4. Defendant is without knowledge regarding the allegations in paragraph 5; therefore, the allegations are denied.

5. Defendant admits that it operated the store on the premises located at 4601 NW 199 Street, Miami Gardens, FL 33055.  Defendant denies all the remaining allegations.

6. Defendant denies the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

As to the Plaintiff's WHEREFORE clause, the Defendant denies that the Plaintiff is entitled to relief demanded.

**WHEREFORE**, Defendant, DOLLAR TREE STORES, INC., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice as it fails to state a cause of action for which relief can be granted, and requests that this Court grant any other relief it deems just and proper.

## AFFIRMATIVE DEFENSES

1. As the first affirmative defense, the Defendant alleges that, at all material times, the Plaintiff conducted herself in a careless and negligent manner, including but not limited to the failure to exercise reasonable care for her own safety by failing to observe her surroundings or appreciate an open and obvious condition, which was a contributing and/or the sole legal proximate cause of the injuries and damages complained of. Accordingly, Plaintiff is barred from recovery against the Defendant, or in the alternative, the damages for recovery should be reduced by the doctrine of comparative negligence.

2. As the second affirmative defense, the Defendant alleges that the Plaintiff's injuries were preexisting and unrelated to those within the alleged accident. Therefore, Defendant cannot

be held liable for such injuries, as they would have been inevitably worsened. Alternatively, if the Plaintiff was injured on the subject property, liability extends only to the aggravation of the pre-existing conditions.

3. As the third affirmative defense, the Defendant alleges that at all material times, the alleged accident occurred above and beyond the foresight of reasonably prudent persons and was caused by actions and/or omissions of third persons and/or conditions beyond the control of the Defendant. Therefore, the Plaintiff is barred from recovery against the Defendant.

4. As the fourth affirmative defense, the Defendant demands a set-off for any and all collateral sources paid or payable to the Plaintiff as a result of the subject matter.

5. As the fifth affirmative defense, the Defendant alleges that the Plaintiff failed to mitigate her damages or otherwise use ordinary and reasonable care. Accordingly, Plaintiff is not entitled to recover any damages, which could have been avoided using reasonable care.

6. As the sixth affirmative defense, the Defendant alleges that it had no additional obligation to warn the Plaintiff of any condition or defect complained of herein since all conditions complained over were open and obvious.

7. As the seventh affirmative defense, the Defendant alleges that any damages alleged by Plaintiff were the result of intervening or superseding events, factors, occurrences or condition, which were in no way caused by the Defendant.

8. As the eighth affirmative defense, the Defendant reserves the right to place non-parties on the verdict form at trial as joint tortfeasors whose fault caused or contributed to the subject incident and/or the damages allegedly sustained by the Plaintiff, pursuant to *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996); *see also Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and Fla. Stat. 768.81.

The Defendant reserves the right to amend, modify, or supplement these affirmative defenses as new information becomes available during discovery.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of March 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record or pro se parties identified in the matter specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

**ALMAZAN LAW**
*Counsel for Defendant Dollar Tree Stores*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Telephone:   (305) 665-6681
Facsimile:    (305) 665-6684
Service:      efile@almazanlaw.com

/s/ JOHANNA CASTELLON VEGA
**ALEXANDER P. ALMAZAN, ESQ.**
Florida Bar No.: 159166
aalmazan@almazanlaw.com
**JOHANNA CASTELLON-VEGA, ESQ.**
Florida Bar No.: 58345
jvega@almazanlaw.com
**DANIEL A. ESPINOSA, ESQ.**
Florida bar No.: 81686
despinosa@almazanlaw.com