**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 20-cv-80353-MIDDLEBROOKS

ROSEMARIE MALFATONE,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.
_____/

## ORDER EXTENDING PRETRIAL DEADLINES

THIS CAUSE is before the Court upon an Unopposed Motion for Extension of Pretrial Deadlines filed by Plaintiff Rosemaire Malfatone ("Plaintiff") on May 27, 2020. (DE 11). Plaintiff seeks an extension of the deadline to file expert reports and an extension of the deadline for fact discovery. Plaintiff states that an extension of these deadlines is necessary as "Plaintiff['s] counsel has had to deal with certain personal medical issues that have arisen during this time related to the pandemic." (DE 11 at 2). Further, Plaintiff's "medical and liability experts have also been slowed down by the pandemic." *Id.*

Due to these particular difficulties, paired with the generalized delays associated with working during a pandemic, Plaintiff requests an extension of the expert disclosure deadline until August 1, 2020[1] and an extension of the fact discovery deadline until September 1, 2020. I find good cause to grant the requested relief. Further, I find that, in light of these extensions, other dates in the pre-trial schedule must be modified. Accordingly, it is hereby

    **ORDERED and ADJUDGED** that:

1. Plaintiff's Unopposed Motion for Extension of Pretrial Deadlines (DE 11) is **GRANTED**.

---

[1] As this date falls on a Saturday, I assume that Plaintiff intended to request the next business day, August 3, 2020.

1

2. The Parties shall adhere to the following amended pretrial schedule. The schedule modifies the operative dates only, and the Parties must adhere to the original Scheduling Order (DE 9) for instructions on all other aspects of litigation procedure.

| | |
|---|---|
| August 3, 2020 | Plaintiff shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Plaintiff shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30 day period following this disclosure, Plaintiff shall make its experts available for deposition by Defendant. The experts' deposition may be conducted without further Court order. |
| August 28, 2020 | Defendant shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Defendant shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30 day period following this disclosure, Defendant shall make its experts available for deposition by Plaintiff. The experts' deposition may be conducted without further Court order. |
| Note: | The above provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers. |
| August 31, 2020 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| September 1, 2020 | All discovery shall be completed. |
| September 11, 2020 | All Pretrial Motions, including summary judgment motions and Daubert motions, and motions *in limine* shall be filed. |

**SIGNED** in Chambers in West Palm Beach, Florida, this 1st day of June, 2020.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE